UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TOKS-ABRAHAM ADEBOWALE,           Index No. _____

                 Plaintiff,

     v.          COMPLAINT

NEW YORK RACING ASSOCIATION, INC.,
TINA NOMIKOUDIS AND JOHN CLYNE          **JURY TRIAL DEMANDED**

                 Defendants.
-----------------------------------------------------------------x

       Plaintiff TOKS-ABRAHAM ADEBOWALE, by his Attorneys, LAW OFFICES OF ANTHONY OFODILE, complaining of the Defendants, NEW YORK RACING ASSOCIATION, INC., TINA NOMIKOUDIS and JOHN CLYNE alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action at law to redress the discrimination in public accommodation on the basis of Plaintiff's Black race in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981. This court has supplemental jurisdiction over Plaintiff's claims brought under New York State Executive § 296.

2.      Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law.

3.      Venue is proper in the Eastern District of New York because the events complained of occurred in the County of Nassau which is within the Eastern District of New York.

## PARTIES

4.      At all times material and relevant to the facts of this case, Plaintiff resided in Elmont, New York, within the jurisdiction of this Court.

1

5.     At all times relevant and material to this case, Defendant NEW YORK RACING ASSOCIATION, INC., was and still is a corporation incorporated under the laws of the State of New York and was the employer of the individual defendant and is liable under the common law agency and/or respondent superior rule for the actions of the individual defendant complained of herein.

6.     At all times relevant and material to this case, Defendant TINA NOMIKOUDIS was employed and upon information and belief is still employed by the New York Racing Association Inc., (hereinafter also referred to as NYRA) as a manager/event host.

7.     At all times relevant and material to this case, Defendant JOHN CLYNE was employed by NYRA as Director of Security and was the person who came with armed Police Officers Security and physically escorted plaintiff from the Elite Club.

## FACTUAL ALLEGATIONS

8.     Plaintiff Toks-Abraham Adebowale (also herein referred to as Mr. Adebowale or Plaintiff) has been a long-time patron of NYRA and at the relevant time an Elite member of NYRA BETS Players Club.

9.     An invitation to the Elite Players Club is extended in February to members who have bet $250,000.00 (two hundred and fifty thousand dollars) during the prior year and Mr. Adebowale had wagered $606, 433.00 in the prior year.

10.    Mr. Adebowale is Black of African origin and a distinguished member of society who has achieved success throughout his career and enjoyed the public past time of horse racing as a way of alleviating his day to day work responsibilities.

11.     Mr. Adebowale also occasionally entertained both family and clients at NYRA events

and enjoyed a very good reputation in his professional life, community, and at NYRA.

12.  Mr. Adebowale frequented the NYRA facilities and participated in wagering to the tune of $2,1000,00 (two million one hundred thousand dollars) in the last five years up to June 11, 2022, averaging approximately $400,000.00 (four hundred thousand dollars) annually in wagers.

13.  In his over forty years in the NYRA patron, Mr. Adebowale had not once been disruptive at its events or at any other place and was an inaugural member of NYRA Bets program.

14.  Being an Elite player, Mr. Adebowale received an invite to attend the June 11, 2022, Belmont Stakes races at the Elite Players Club and came to pick up his tickets from the hostess defendant Tina Nomikoudis.

15.  Plaintiff intended to enjoy the races with his wife and when he was given his tickets by Ms. Nomikuodis, he received no further instructions other than being told to enjoy the races as he did every year.

16.  At the Elite Club, the seat numbers did not correspond to the numbers on the tickets given and seats were usually assigned by the hostess if she was present but seat numbers did not correspond to the tickets given out and there were not assigned seats with the result that if there is no particular direction by the Hostess, Club members sat wherever they found seats or wherever they felt more comfortable seating if they came early.

17.  On the day of the race, plaintiff appeared and presented his tickets at the Elite Club, was given no further instructions by the attendant who was present as Ms. Nomikoudis was not physically present when he arrived at 11:00 a.m., plaintiff then proceeded to seat at the next available seats without any direction or objection from the attendant.

18.  Although there are no assigned seats in the Elite Players Club, on this occasion and on

other prior occasions, plaintiff had been asked to move and give up his seat to other attendees who were visibly not members of any protected group while Plaintiff had never any seen whites who were sitting quietly and not being disruptive being asked to move.

19. During this Belmont Stakes day races, after two and half hours, Ms. Nomikoudis sent an agent who insisted that Plaintiff give up his seat to a white couple.

20. Plaintiff made no issue with being asked to move because he generally did not want to cause confusion or suffer embarrassment and was only interested in enjoying the races and he asked that another seat be found for him as an invited Elite Club member so that he would have a place to seat to finish watching the races instead of wandering about.

21. Plaintiff did not only not want to wander around, he did not want to be later asked to move a second time when another white couple fancies where he was sitting.

22. Plaintiff said to the employee that he had a ticket to be there, that there was no other patron being asked to move, and there was no visible seat assignment and therefore that he should be found another seat.

23. Ms. Nomikoudis then came and told Plaintiff that he needed another reservation upstairs for a seat - the same person who gave Plaintiff the tickets, created a new rule on the spot because of Plaintiff's race and to target him.

24. Upon information and belief, NYRA through Tina Nomikoudis sent out numerous emails to Elite Players to reserve specific seats for viewing of the Belmont Stakes races but did not send to plaintiff a Black Elite Player because of his race.

25. By deliberately not sending emails to plaintiff to reserve specific seats, defendants treated him differently than other similarly situated non-Black Elite Players and used the excuse

to ask him to move seats, as they had done in prior years, and thereby denying him equal rights because of his race.

26.     Plaintiff stated that if they found another seat for him, he would move but instead of finding another seat for him, Nomikoudis called defendant John Clyne who came with armed security and the police to physically remove Mr. Adebowale.

27.     Mr. Adebowale was approached by armed police and security and was forcibly and publicly marched out of Belmont Stakes races in front of 46,000 attendees in one of the biggest races in the industry.

28.     Plaintiff was invited to the Breeders Cup Party in November 2022 based on his bets but was denied entry by Ms. Nomikoudis and, although he was qualified to be invited to the Elite Club for 2023, he had not been invited nor was he given the Players Club Card that should entitle him to club admission and other perks associated with the qualification for 2023.

29.     Mr. Adebowale's right to enter into a contract and to enjoy all the rights and immunities enjoyed by white men have been violated when he was singled out for difference in treatment and denied the right to enjoy the benefits of his contract because of his Black race and because he refused to give up his seat to a white couple.

30.     Plaintiff was publicly humiliated and embarrassed, has suffered and is suffering from serious emotional distress, has been depressed, and lost interest in one of the joys of his life, and has otherwise been damaged physically, emotionally, and financially.

31.     The actions of the defendants were callous, wanton and reckless and plaintiff is therefore entitled to punitive damages.

## **AS FOR A FIRST CAUSE OF ACTION**

32. Plaintiff incorporates and re-alleges Paragraphs 1 through 31 as if set forth fully herein.

33. Plaintiff Adebowale was discriminated against in place of public accommodation in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, which prohibits discrimination in places of public accommodation.

34. Belmont Park is a racetrack owned and operated by NYRA and is a place for public accommodation and defendants discriminated against plaintiff because of his Black race.

## SECOND CAUSE OF ACTION

35. Plaintiff incorporates and re-alleges Paragraphs 1 through 34 as if set forth fully herein.

36. Plaintiff Adebowale was discriminated against in place of public accommodation in violation of the New York State Human Rights Law § 296 *et seq.* which prohibits discrimination in places of public accommodation.

37. Belmont Park is a racetrack owned and operated by NYRA is a place for public accommodation and defendants discriminated against plaintiff because of his Black race.

## THIRD CAUSE OF ACTION

38. Plaintiff incorporates and re-alleges Paragraphs 1 through 37 as if set forth fully herein.

39. Plaintiff Adebowale was discriminated against in place of public accommodation in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, which prohibits discrimination in places of public accommodation when he was denied entrance to the Breeders Cup Party in November 2022.

40. Belmont Park is a racetrack owned and operated by NYRA and is a place for public accommodation and defendants discriminated against plaintiff because of his Black race.

## FOURTH CAUSE OF ACTION

41. Plaintiff incorporates and re-alleges Paragraphs 1 through 40 as if set forth fully herein.

42. Plaintiff Adebowale was discriminated against in place of public accommodation in violation of the New York State Human Rights Law § 296 *et seq.* which prohibits discrimination in places of public accommodation when he was denied entrance to the Breeders Cup Party in November 2022.

43. Belmont Park is a racetrack owned and operated by NYRA is a place for public accommodation and defendants discriminated against plaintiff because of his Black race.

## FIFTH CAUSE OF ACTION

44. Plaintiff incorporates and re-alleges Paragraphs 1 through 43 as if set forth fully herein.

44. In refusing to give up his seat to a white couple until another seat was found for him because he was entitled to be at the Elite Players Club, plaintiff was protesting what he honestly believed to be discriminatory treatment in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. section 1981 and the New York State Human Rights Law § 296 *et seq.* which prohibits discrimination in places of public accommodation.

45. Defendants retaliated against plaintiff for protesting what he believed to be discriminatory treatment by denying him entrance into the Belmont Breeders Party in November 2022 and by not sending his Elite Player Card in 2023, and for otherwise denying him the benefits of his Elite Club membership, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. section 1981, and the New York State Human Rights Law § 296 *et seq.*, each of which prohibits retaliation for engaging in protected activities.

## SIXTH CAUSE OF ACTION

46. Plaintiff incorporates and re-alleges Paragraphs 1 through 45 as if each paragraph is set

forth fully herein.

47. Defendants breached their contract with plaintiff that he would be sent the Elite Players card and be allowed to enjoy all the rights and privileges of Elite Club members in 2023, having qualified for the said rights by the amount he had wagered the prior year.

48. By not sending plaintiff the Elite Club members card, defendants breached their contract with plaintiff.

## SEVENTH CAUSE OF ACTION

49. Plaintiff incorporates and re-alleges paragraphs 1 through 48 as if each paragraph set forth fully herein.

50. Plaintiff pleads that in the alternative, defendants breached their implied contract and covenant of good faith and fair dealing with plaintiff when they failed/refused to send him the Elite Players Club card and be allowed to enjoy all the rights and privileges of Elite Club members in 2023, having qualified for the said rights by the amount he had wagered the prior year.

51. By not sending plaintiff the Elite Club members card, defendants breached their implied contract with plaintiff.

## EIGHT CAUSE OF ACTION

52. Plaintiff incorporates and re-alleges Paragraphs 1 through 51 as if each paragraph is set forth fully herein.

53. At all times relevant and material to this case, NYRA was, and upon information and belief, still is the employer of Tina Nomikoudis and John Clyne and Ms. Nomikoudis and Mr. Clyne were acting as its agents when they discriminated against plaintiff and denied him the benefits of

his contract and NYRA is therefore liable for their actions under the common law as her principal as well as her employer under the *respondeat superior* rule.

**WHEREFORE**, based on the foregoing, Plaintiff demands a judgment against Ms. Nomikoudis, Mr. Clyne and NYRA awarding him:

i. general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his physical injuries, emotional, mental, and physical distress;

ii. lost earnings and lost opportunities to earn income, in the amount to be proved at trial and in accordance with proof;

iii. punitive damages in an amount sufficient to punish the individual defendants and deter others like them from repeating such unlawful conduct;

iv. attorneys' fees and the costs and disbursements of this action; and

v. past and future costs of medical treatment;

vi. such other relief as the court deems just and proper.

Dated: Brooklyn, New York
September 12, 2023

          LAW OFFICES OF ANTHONY OFODILE
          Attorneys for Plaintiff

          By *s/b Anthony Ofodile*
          Anthony C. Ofodile, Esq.
          498 Atlantic Avenue
          Brooklyn, New York 11217
          718 852-8300
          ACOfodile@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
TOKS-ABRAHAM ADEBOWALE,                                    Index No. _____

        Plaintiff,

   v.

NEW YORK STATE RACING ASSOCIATION, INC.,
AND TINA NOMIKOUDIS,

        Defendants.
------------------------------------------------------------x


x-----------------------------------------------------------------------------------------------------------x

# **COMPLAINT**

x-----------------------------------------------------------------------------------------------------------x

      Signature (Rule 130-1.1-a)

x-----------------------------------------------------------------------------------------------------------x


Dated: Brooklyn, New York
       September 12, 2023

LAW OFFICES OF ANTHONY OFODILE
Attorneys for Plaintiffs
498 Atlantic Avenue
Brooklyn, New York 11217
(718) 852-8300
